UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

STEWART WALTER BACHMANN

CASE NO. 8:23-cr-304-VMC-cpt
18 U.S.C. § 922(o)
26 U.S.C. § 5861(d)
26 U.S.C § 5861(i)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

Beginning on an unknown date and continuing through August 6, 2023, in the Middle District of Florida, the defendant,

STEWART WALTER BACHMANN,

did knowingly possess a machinegun as defined in 18 U.S.C § 921(a)(24) and 26 U.S.C. § 5845(b), that is, a Royal Arms, model RAK 15, .223 caliber rifle with two M16-type automatic sear pin holes located above the selector lever holes on the left and right sides of the receiver, and a machine gun conversion device.

All in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

### COUNT TWO

Beginning on an unknown date and continuing through August 6, 2023, in the Middle District of Florida, the defendant,

STEWART WALTER BACHMANN,

did knowingly possess a machinegun as defined in 18 U.S.C § 921(a)(24) and 26 U.S.C. § 5845(b), that is, a Royal Arms, model RAK 15, .223 caliber rifle with two M16-type automatic sear pin holes located above the selector lever holes on the left and right sides of the receiver, and a machine gun conversion device, that were firearms as defined in 26 U.S.C. § 5845(a)(6) not registered to him in the National Firearms Registration and Transfer Record, as required by 26 U.S.C. § 5841.

All in violation of 26 U.S.C. §§ 5861(d) and 5871.

### COUNT THREE

Beginning on an unknown date and continuing through August 6, 2023, in the Middle District of Florida, the defendant,

STEWART WALTER BACHMANN,

did knowingly possess a machinegun as defined in 18 U.S.C § 921(a)(24) and 26 U.S.C. § 5845(b), that is, a Royal Arms, model RAK 15, .223 caliber rifle with two M16-type automatic sear pin holes located above the selector lever holes on the left and right sides of the receiver, and a machine gun conversion device, that were firearms as defined in 26 U.S.C. § 5845(a)(6) and were not identified by a serial number as required by 26 U.S.C. § 5842.

All in violation of 26 U.S.C. §§ 5861(i), 5842, and 5871.

### FORFEITURE

1. The allegations contained in Counts One, Two and Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), 26 U.S.C. § 5872, 28 U.S.C. §

2461(c), and 49 U.S.C. § 80303

2. Upon conviction of a violation of 18 U.S.C. § 922(o), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3. Upon conviction of a violation 26 U.S.C. § 5861, the defendant shall forfeit to the United States, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), any firearms involved in the violation, and, pursuant to 49 U.S.C. § 80303 and 28 U.S.C. § 2461(c), any aircraft, vehicle, or vessel used to facilitate the transportation, concealment, receipt, possession, purchase, sale, exchange, or giving away of such firearm.

4. The property to be forfeited includes, but is not limited to, the following: a Royal Arms, model RAK 15, .223 caliber rifle with two M16-type automatic sear pin holes located above the selector lever holes on the left and right sides of the receiver, and a machine gun conversion device.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Samantha J. Newman
Assistant United States Attorney

By: _____
Michael C. Sinacore
Assistant United States Attorney
Deputy Chief, Violent Crimes and Narcotics Section

FORM OBD-34
September 23

No. 8:23-mj-01972-CPT

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

STEWART WALTER BACHMANN

INDICTMENT

Violations:  18 U.S.C. § 922(o)
26 U.S.C. § 5861(d)
26 U.S.C § 5861(i)

A true bill,

███████████████████
Foreperson

Filed in open court this 6th day

of September, 2023.

_Ashly Sanders_
Clerk

Bail $_____

GPO 863 525