UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                    Case No.: 8:23-cr-304-VMC-CPT-1

STEWART WALTER BACHMANN

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Stewart Walter Bachmann's Motion, Pursuant to 18 U.S.C. § 3145(b), to Revoke Magistrate Judge's Order Denying Defendant's Motion to Reopen Detention Hearing Pursuant 18 U.S.C. § 3142(f)(2) (Doc. # 42), filed on October 10, 2023, which seeks revocation of the order entered by United States Magistrate Judge Julie S. Sneed on October 2, 2023. (Doc. # 34). The United States of America responded on October 24, 2023. (Doc. # 46). The Court held a hearing on the motion on November 16, 2023. (Doc. # 66). For the reasons that follow, the Motion is denied.

**I.   Legal Standard**

   **A.   Section 3145(b)**

Pursuant to 18 U.S.C. § 3145(b), "[i]f a person is ordered detained by a magistrate judge, . . . the person may file . . . a motion for revocation or amendment of the order."

1

"[T]he district court must conduct an independent[, de novo] review." United States v. King, 849 F.2d 485, 490 (11th Cir. 1988); see United States v. Gaviria, 828 F.2d 667, 670 (11th Cir. 1987) (affirming denial of "a de novo hearing because the district court properly afforded de novo review of the magistrate's detention order").

"[T]he court may conduct an evidentiary hearing" if it "determines that additional evidence is necessary or that factual issues remain unresolved." King, 849 F.2d at 490. If a hearing is held, "the district court must enter written factual findings and written reasons supporting its decision." Id. "[I]f the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order." Id. at 491.

### B. Factors Considered

Pursuant to 18 U.S.C. § 3142(f), a "judicial officer" must "hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." Detention meant to ensure the safety of other persons and the community must be

2

supported by clear and convincing evidence. *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990).

In making this determination, the Court considers four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

**II.  Discussion**

The Court has had an opportunity to review the transcript of the hearing and the exhibits provided. On the basis of this evidence, the Court determines that no "condition or combination of conditions . . . will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Therefore, the Court adopts Judge Sneed's order. (Doc. # 34).

Importantly, the Court was not convinced that treatment could be provided for Defendant that would ensure that he does not pose a risk to the safety of the community. The November 16, 2023, hearing clarified that Operation PAR is being considered for potential treatment. (Doc. # 68-2). While Defendant emphasized amenability to treatment with any desired level of security, sufficient information was not provided to assure the Court that admission for treatment at this facility would ensure community safety. Defendant's inconsistent history regarding acknowledgment of his substance abuse issues also suggests that in-patient treatment would be necessary to ensure such safety. See (Doc. # 68-6 at 2-3) (noting that Defendant denied needing mental health services or substance abuse treatment).

4

The remaining uncertainty about treatment options raises concerns in light of the atypical context of this crime. The videotape of when Defendant was placed on an involuntary Baker Act hold (Doc. # 67-7) illustrated the extent of the potential danger that existed during the episode. Additionally, the hearing highlighted Defendant's access to a business capable of manufacturing weapons. Further, the United States provided evidence of additional suspected weapons that had yet to be analyzed. (Doc. ## 67-10, 67-11, 67-12, 67-13). While the Court acknowledges that several previously suspected weapons have since been determined to be inert (Doc. # 68-1), the Court still determines that significant risk remains.

The Court is concerned about requiring pretrial detention when the crime charged provides for a relatively short sentence, potentially less than two years in length. However, based on the totality of the circumstances, it determines that clear and convincing evidence exists in support of pretrial detention.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Stewart Walter Bachmann's Motion, Pursuant to 18 U.S.C. § 3145(b), to Revoke Magistrate Judge's Order Denying Defendant's Motion to Reopen Detention Hearing Pursuant 18

5

U.S.C. § 3142(f)(2) (Doc. # 42) is **DENIED**. Upon de novo review of the record, the Court adopts the Magistrate Judge's order. (Doc. # 34).

Additionally, given the hearing held on this motion, Bachmann's Request for Oral Argument (Doc. # 45) is **GRANTED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of November, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE