UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:23-cr-304-VMC-CPT

STEWART WALTER BACHMANN

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Stewart Walter Bachmann's As Applied Motion to Dismiss Counts One, Two, and Three as Unconstitutional under the Second Amendment (Doc. # 79), filed on November 30, 2023. The United States of America responded on December 20, 2023. (Doc. # 95). For the reasons that follow, the Motion is denied.

**I.   Background**

On September 6, 2023, Defendant was indicted on three counts. (Doc. # 13). Count One charges Defendant with knowingly possessing a machinegun and a machine gun conversion device in violation of 18 U.S.C. § 922(o). (Id. at 1). Count Two charges Defendant with knowingly possessing the same machinegun and machine gun conversion device that were not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d). (Id. at 1-2). Count Three charges Defendant with knowingly

1

possessing the same machinegun and machine gun conversion device which were not identified by a serial number, in violation of 26 U.S.C. § 5861(i). (Id. at 2).

Now, Defendant seeks dismissal of all counts. (Doc. # 79). The United States has responded (Doc. # 95), and the Motion is ripe for review.

## II.   Discussion

"This Court may resolve a motion to dismiss in a criminal case when the 'infirmity' in the indictment is a matter of law and not one of the relevant facts is disputed." United States v. Al-Arian, 308 F. Supp. 2d 1322, 1332 (M.D. Fla. 2004). Here, Defendant argues that, under New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1 (2022), Counts One, Two, and Three are unconstitutional under the Second Amendment to the United States Constitution.[1]

---

[1] Although Defendant labels his Motion as an "as applied" challenge, neither the Court nor the United States reads the Motion as raising an as applied challenge to the statutes at issue. Rather, it appears that Defendant is raising a facial or quasi-facial challenge to the statutes because Defendant "is not arguing that the statutes at issue are unconstitutional only as to him, but rather as to every person who possesses a machine gun in violation of 18 U.S.C. § 922(o) or an unregistered or un-serialized machine gun in violations of 26 U.S.C. § 5861(d) and (i)." (Doc. # 95 at 2). Notably, the primary place where the words "as applied" are mentioned is in the Motion's title.

2

Under Bruen, the Court must first determine "whether the plain text of the Second Amendment protects" the conduct regulated by these statutes. Id. at 32. If the Second Amendment guarantees Defendant a right to such conduct, the Court will then determine whether the statutes are "consistent with this Nation's historical tradition of firearm regulation." Id. at 34.

Here, Defendant's argument fails at the first step, thus the Court need not perform a historical analysis. "In regards to the plain text of the Second Amendment, the Supreme Court's analysis in [D.C. v. Heller, 554 U.S. 570 (2008),] controls." United States v. Holton, 639 F. Supp. 3d 704, 708 (N.D. Tex. 2022).[2] The Second Amendment guarantees that "the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II.

---

[2] In Bruen, the Supreme Court did not overrule Heller, instead writing that its ruling was "[i]n keeping with Heller." See Bruen, 597 U.S. at 17 ("In keeping with Heller, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."); see also Id. at 81 (Kavanaugh, J., concurring, joined by Roberts, C.J.) (recognizing the "important limitation on the right to keep and carry arms" that "the sorts of weapons protected were those in common use at the time" — not "dangerous and unusual weapons" (quoting Heller, 554 U.S. at 627)).

The Supreme Court in Heller emphasized that the term "the people" "refers to all members of the political community, not an unspecified subset." Heller, 554 U.S. at 580. It next determined that the term "keep and bear Arms" refers to the right to "possess and carry weapons in case of confrontation." Id. at 592. The Supreme Court recognized, however, that this right "was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." Id. at 626. "[L]ongstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms" did not infringe on the rights guaranteed under the Second Amendment. Id. at 626-27. Additionally, the arms protected under the Second Amendment included "those 'in common use at the time'" and excluded "dangerous and unusual weapons." Id. at 627.

As other courts have held, "[m]achineguns are dangerous and unusual and therefore not in common use." Hollis v. Lynch, 827 F.3d 436, 451 (5th Cir. 2016); see also United States v. One (1) Palmetto State Armory PA-15 Machinegun Receiver/Frame, Unknown Caliber Serial No. LW001804, 822 F.3d

4

136, 142 (3d Cir. 2016) ("[W]e repeat today that the Second Amendment does not protect the possession of machine guns. They are not in common use for lawful purposes."); United States v. Henry, 688 F.3d 637, 640 (9th Cir. 2012) ("In short, machine guns are highly 'dangerous and unusual weapons' that are not 'typically possessed by law-abiding citizens for lawful purposes.' Thus, we hold that the Second Amendment does not apply to machine guns." (quoting Heller, 554 U.S. at 625)); United States v. Fincher, 538 F.3d 868, 874 (8th Cir. 2008) ("Machine guns are not in common use by law-abiding citizens for lawful purposes and therefore fall within the category of dangerous and unusual weapons that the government can prohibit for individual use."). The Court agrees with the United States that machineguns "are not used by every day law abiding American citizens for self-protection and self-defense." (Doc. # 95 at 10); see also United States v. Simien, 655 F. Supp. 3d 540, 553 (W.D. Tex. 2023) ("Machineguns, which have been likened to pipe bombs and hand-grenades, are within the category of weapons of 'quasi-suspect character' that are inherently dangerous." (citation omitted)). "By their very nature, they are uniquely designed to inflict as much offensive [] damage as possible to as many targets as possible in a short amount of time." (Doc. # 95 at 10); see also Henry,

5

688 F.3d at 640 ("A modern machine gun can fire more than 1,000 rounds per minute, allowing a shooter to kill dozens of people within a matter of seconds. Short of bombs, missiles, and biochemical agents, we can conceive of few weapons that are more dangerous than machine guns." (citation omitted)).

Defendant's focus on the number of registered machineguns from the 2021 ATF report — approximately 741,146 — does not alter this conclusion. (Doc. # 79 at 3-4). As the United States contends, "the numerical argument is problematic since 18 U.S.C § 922(o) prohibits private ownership of machine guns manufactured or created after 1986" such that an "increase in registered machine guns does not mean [an] increase in private ownership of machine guns for personal use for self-defense." (Doc. # 95 at 10). Furthermore, "[a]lthough the number of civilian-owned machineguns has increased to about 740,000, this amount — which is less than .2% of total firearms in the United States — remains too insignificant for machineguns to be considered in common use." Simien, 655 F. Supp. 3d at 553; see also Hollis, 827 F.3d at 449 (considering a number of statistics about machineguns and finding that "[n]one of them allow a conclusion that a machinegun is a usual weapon").

"It is no surprise . . . that courts have continued to hold, post-Bruen, that the Second Amendment protections simply do not extend to machineguns." United States v. Kazmende, No. 1:22-CR-236-SDG-CCB, 2023 WL 3872209, at *3 (N.D. Ga. May 17, 2023), report and recommendation adopted, No. 1:22-CR-00236-SDG, 2023 WL 3867792 (N.D. Ga. June 7, 2023); see also Simien, 655 F. Supp. 3d at 553 ("Based on this evidence, the Court finds machineguns are within the category of 'dangerous and unusual' weapons that do not receive Second Amendment protection and Simien's facial challenge to § 922(o), therefore, fails."); Holton, 639 F. Supp. 3d at 710 ("[B]ecause § 5861(d) and § 5861(h) do not prohibit conduct protected by the Second Amendment, the Court finds that these statutes are constitutional."); United States v. Hoover, 635 F. Supp. 3d 1305, 1325 (M.D. Fla. 2022) ("Notably, [s]ince Heller was decided, every circuit court to address the issue has held that there is no Second Amendment right to possess a machine gun. Hoover provides no basis for concluding that the Supreme Court's decision in Bruen would undermine this line of authority. Thus, to the extent Hoover contends 'nothing in the applicable history and tradition of the United States supports the categorical ban of machineguns,' . . . his argument is unavailing." (citations

and internal quotation marks omitted)); United States v. Dixon, No. 22 CR 140, 2023 WL 2664076, at *3 (N.D. Ill. Mar. 28, 2023) ("Thus, Miller, Heller, and Bruen foreclose any challenge to the federal machinegun ban.").

"Because machineguns are dangerous and unusual weapons that are outside the protection of the Second Amendment, Section 922(o) is not unconstitutional." Kazmende, 2023 WL 3872209, at *2. Neither are 26 U.S.C. § 5861(d) and (i), which are part of the National Firearms Act.[3] See Heller, 554 U.S. at 624 (rejecting a reading of earlier case law as meaning that the Second Amendment protected "weapons useful in warfare" because such reading would lead to the "startling" result "that the National Firearms Act's restrictions on machineguns . . . might be unconstitutional, machineguns being useful in warfare in 1939"). The Motion is denied.

Accordingly, it is hereby

---

[3] The United States is correct that Defendant's Motion "does not differentiate between 18 U.S.C § 922(o) and 26 U.S.C §§ 5861(d) & (i)" in its arguments. (Doc. # 95 at 17). For that reason, the Court has not addressed Sections 5861(d) & (i) separately in its own analysis. Still, the Court agrees with the United States's additional arguments regarding the constitutionality of these statutory sections. In short, the National Firearms Act's "registration and taxation requirements, which applied to the machine guns that the Defendant possessed, do not 'infringe' on the right to keep and bear arms." (Id.).

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Stewart Walter Bachmann's As Applied Motion to Dismiss Counts One, Two, and Three as Unconstitutional under the Second Amendment (Doc. # 79) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of February, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE