UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**
    Plaintiff,

vs.                              Case No.: 8:23-cr-00304-VMC-CPT

**STEWART WALTER BACHMANN**
    Defendant.
_____/

**DEFENDANT'S FIRST MOTION TO CONTINUE SENTENCING HEARING**

Comes now the defendant, Stewart Walter Bachmann, by and through undersigned counsel and pursuant to Local Rule 3.08(a), and hereby requests this Court grant, at a minimum, a 14-day continuance of the sentencing hearing, currently scheduled for June 4, 2024, at 11:00 am, and in support thereof states the following:

1. On September 6, 2023, Defendant was Indicted on Count One, Possession of Machinegun, Count Two, Possession of Unregistered Machinegun, and Count Three, Possession of Firearms Not Identified by Serial Number. Doc. 13.

2. On March 6, 2024, Defendant entered a plea agreement, pleading guilty to Counts One and Three of the Indictment. Doc. 146. Pursuant to the plea agreement, Defendant pled guilty to possessing one Royal Arms rifle

1

and one machine gun conversion device. Pursuant to the plea agreement, Defendant also waived his right, for most purposes, to appeal.

3. Defendant's sentencing hearing is currently scheduled for June 4, 2024, at 11:00 am.

4. On April 30, 2024, the United State Probation Office filed its Initial Presentence Investigation Report ("PSR") (Doc. 157), to which the defense and the government both filed objections. Prior to considering any objections, the initial PSR calculates Defendant's total offense level at level 21.

5. Included in the initial PSR at ¶20 are discussion about over 200 flat and bent pieces of sheet metal that were seized from the defendant's business during the execution of a search warrant in September 2023. The government's position is that these flat and bent pieces of sheet metal constitute firearms and machine guns. Pursuant the government's classification of these items as firearms and machine guns, the government's position is that the Defendant's offense level should be determined by applying USSG § 2k2.1(b)(1)(E), which would add an additional 10 offense levels points for possession of "200 or more" firearms.

6. The defense objects both to the inclusion of these flat and bent pieces of sheet metal in the PSR as relevant conduct as well as the classification

of these items as firearms and machine guns. The regulation[1] upon which the government is relying in classifying these items as firearms and machine guns was invalidated by the United States Court of Appeal for the Fifth Circuit, which issue the Supreme Court of the United States has granted *certiorari* review.[2]

7. For brief background, in April 2022, ATF issued a Final Rule, which updated or redefined certain terms from the Gun Control Act of 1968, including expanding the definition of "frame or receiver." In August 2022, a petition was filed in the Northern District of Texas, claiming that ATF's updating and expansion of these terms in the Final Rule exceeded the ATF's statutory rule-making authority. *See*, *VanDerStok v. Garland*, 86 F.4th 179, 186 (5th Cir. 2023), cert. granted, No. 23-852, 2024 WL 1706014 (U.S. Apr. 22, 2024). During the course of the case, the Northern District of Texas Court granted a number of injunctions, prohibiting ATF from enforcing its Final Rule against certain entities around the country.

8. Ultimately, in November 2023, the United States Court of Appeals for the Fifth Circuit ruled in favor of the plaintiffs, holding that the ATF's

---

[1] 27 CFR § 478.12(c)

[2] *See*, *Garland v. Vanderstok*, No. 23-852, 2024 WL 1706014, at *1 (U.S. Apr. 22, 2024). The petitioners' initial brief is currently due on June 25, 2024, and the respondents' brief is due on August 13, 2024. The case is scheduled for the October 2024 session.

definitions of "frame" and "receiver" exceeded its statutory authority, invaliding 27 CFR § 478.12(c).

9. With the April 2022 Final Rule having been invalidated by the Fifth Circuit, the previous definition of "frame or receiver" is the only prevailing definition. Under that previous definition, the flat and bent pieces of sheet metal do not constitute receivers and thus do not constitute firearms or machine guns.

10. Given the Government's position that, despite the Fifth Circuit Court of Appeals ruling and the ongoing litigation in the case, it seeks to hold Defendant accountable for possession of the items and increase his offense level by 10 points, the defense is seeking additional time to develop this issue, legally and factually, prior to sentencing. Indeed, if this Court were to apply this significant enhancement[3] as urged by the Government, and then the Supreme Court to uphold the Fifth Circuit's opinion, the enhanced sentence received by the Defendant could be argued to be unappealable given the appellate waiver. Certainly, neither the parties nor the Court would want the Defendant to be sentenced for conduct which the Supreme Court determines to be lawful.

---

[3] The base offense level identified in the PSR is Level 18.

11. Separately, the defense has made other objections to the PSR, which the parties are working on resolving prior to the sentencing hearing. This additional time will allow the parties to continue working toward a resolution that may not require Court intervention.

12. Undersigned counsel has contacted AUSA Newman, who is out of the office until May 28, 2024, and her away email message states she has limited access to email. Undersigned counsel will supplement this motion with the government's position once received. Undersigned has advised U.S. Probation Officer Tyler Campbell that we will be seeking a continuance, and Ms. Campbell advised she has no objection.

WHEREFORE, for the reasons stated herein, the defendant respectfully requests that this Court continue the sentencing hearing scheduled for June 4, 2024, at 11:00 am, for a minimum of 14 days, to a date that is available to the Court and both parties.

Dated: May 22, 2024                          Respectfully submitted,

*/s/ Todd Foster*
**TODD FOSTER**
Florida Bar No.: 0325198
tfoster@tfosterlawgroup.com
**MELISSA KWITKO**
Florida Bar No.: 1025759
mkwitko@tfosterlawgroup.com
**TODD FOSTER LAW GROUP**
601 Bayshore Blvd. Suite 615
Tampa, FL 33606
Telephone: (813) 565-0600
*Attorneys for Stewart Bachmann*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing with the Clerk of Court for the Middle District of Florida on this 22nd day of May 2024 by uploading it to the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Todd Foster*
**TODD FOSTER**

6